November 22, 1991

TO:    WMM
FROM:  STEPHEN SHEPARD
RE:    ALFARO: DURESS AS A DEFENSE
_____

Under CALJIC 4.40, a person is not guilty of a crime when she engages in conduct, otherwise criminal, when acting under threats of menaces where:
1. The threats of menaces are such that they would cause a reasonable person to fear that her life would be in immediate danger if she did not engage in the conduct charged, and
2. If such person then believed that her life was so endangered. See, CALJIC 4.40.

In People v. Pera (1983) 149 Cal.App.3d supp 14, the following requirements have been held to be prerequisites to the establishment of the defense of justification/duress:
1. The act charged as criminal must have been done to prevent a significant evil;
2. There must have been no adequate alternative to the commission of the act;
3. The harm caused by the act must not be disproportionate to the harm avoided;
4. The accused must entertain a good faith belief that her act was necessary to prevent the greater harm;
5. Such belief must be objectively reasonable under all the circumstances; and,
6. The accused must not have substantially contributed to the creation of the emergency.

These determinations are for the trier of fact. Id. at 25, 26. (See People v. Lovercamp (1974) 43 Cal.App.3d 823, where the court first fashioned these principles in determining the availability of the defense to a charge of prison escape.

In Pera, the appellate department of the Superior Court held that a defense of duress was available to a defendant charged with misdemeanor drunk driving after he and his girlfriend were found asleep in his car, an officer ordered the scantily-clad girl into his vehicle to drive her home, and the defendant followed in his car, assertedly for her protection.

The burden of proof in cases in which duress is asserted by a defendant requires only that the defendant "raise a reasonable doubt that he had acted in the exercise of his free will." People v. Graham (1976) 57 Cal. App. 3d 238, 240.

Since duress is an affirmative defense, the defendant must raise it by a preponderance of the evidence. People v. Condley

(1977) 69 Cal. App. 3d 999, 1008; People v. Waters (1985) 163 Cal. App. 3d 935, 937.

Fear of great bodily harm and not mere belief that one's life is in danger, is sufficient to raise the defense. People v. Hart (1950) 98 Cal. App. 2d 514. In Hart, there was no evidence that the person was put in fear of his life, only that he feared his leg would be broken. Id. at 516.

In Lovercamp, supra at 831, a threat of forcible sexual attack between county jail inmates was sufficient, where an inmate testified to a charge of sodomy, "(It) was either him or me".

In Pena, supra, the court decided that the defense may be based on threats to third persons. Id. at 23.

Still it is necessary to establish the basic elements of the defense.

### CAVEAT DURESS

Penal Code 26 (6) gives a general defense to persons who commit a crime under thereabouts or menace sufficient to show that they had reasonable cause to and did believe their lives would be endangered if they refused, unless the crime is punishable by death.

Generally, the defense of duress is unavailable where the crime charged is punishable by death. People v. Petio (1936) 13 Cal. App. 2d 245, 248. See, CALJIC 4.41 ( FN #1, below).

However, Penal Code 26 merely specifies a class of persons who "are (in)capable of committing crimes". The statute does not require the conclusion that a person who is capable of committing a crime has in fact done so.

FN #1    The threat even of death to oneself (or to another) does not excuse the killing of another innocent person. People v. Martin (1910) 13 Cal. App. 96. "For he ought rather to die himself than escape by the murder of an innocent. But in such a case he is permitted to kill the assailant, for the law of...self-defense...have made him his own protector." 4 Blackstone, sec. 30; Id. at 102.

It has been suggested that duress may negate the element of specific intent in first degree murder. Rizzolo v. Commonwealth (1889) 17 A. 520, 521. The courts should take notice of the fact that circumstances are extremely mitigating in a case where the state of mind of one who takes an innocent life as the only means of saving her own ( or anothers), while not guiltless is certainly not malicious. See, Wis. Stats. 939.46 (1955).

Common law prohibition of the use of the defense of duress in the case where the death penalty is applicable is embodied in

statute in Penal Code 26(6). However, some states recognize duress as justification in any case. (GA, ND, OK, SD, TX).

See also, CALJIC 8.20, 8.21; People v. Wolff (1964) 61 Cal. 2d 795.

A brutality of a murder cannot by itself establish that the killer acted with deliberation and premeditation. <u>People v. Anderson</u> (1968) 70 Cal. 2d 15. In <u>Anderson</u> where a brutal killing resulted from multiple stab wounds, evidence was insufficient to support a finding of premeditation and deliberation.

CONCLUSION

Mr. Monroe, in view of the discovery that duress is not available as a defense, I have submitted the following motion for your approval...

I admit discovering PC 26 came as a surprise and the following was all I could think of at the last moment...

I suspect that what you may by asking for is a plethora of cases akin to <u>People v. Anderson</u> above; please let me know.

```
[93] From: DRS 8/20/91 2:21PM (220 bytes: 3 ln)
To: LLL
Subject: ALFARO/danto
---------------------------- Message Contents ----------------------------
    I'M FAIRLY CERTAIN THE TESTS WERE RUN BY ROGERS.

    DANTO SCARES ME BUT WE HAVE NOTHING TO LOOSE.
```

000237