SEAN K. KENNEDY, Bar no. 145632
Federal Public Defender
CRAIG A. HARBAUGH, Bar No. 194309
eMail: craig_hargaugh@fd.org
LINDA L. GRIFFIS, Bar No. 100827
eMail: linda_griffis@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone (213) 894-2854
Facsimile (213) 894-7566

Attorneys for Petitioner
MARIA DEL ROSIO ALFARO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| MARIA DEL ROSIO ALFARO, | ) | Case No. CV 07-7072-CJC |
|---|---|---|
| Petitioner, | ) | **DEATH PENALTY CASE** |
| v. | ) | **NOTICE OF MOTION; MOTION TO STAY FEDERAL PROCEEDINGS PENDING RESOLUTION OF STATE HABEAS PROCEEDINGS; DECLARATION OF LINDA L. GRIFFIS** |
| MARY LATTIMORE, Warden of Central California Women's Facility, | ) | |
| Respondent. | ) | |

**TO:   RESPONDENT AND HIS ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on April 13, 2009, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 9B, the courtroom of the Honorable Cormac J. Carney, United States District Court Judge, located at 411 W. Fourth Street, Santa Ana, California 92701, Petitioner Maria Del Rosio Alfaro will, and hereby does, bring on for hearing the following motion:

Petitioner Maria Del Rosio Alfaro, by and through her attorneys of record, hereby moves this Honorable Court for an order staying this federal habeas proceeding pending the resolution of Petitioner's currently pending state habeas proceeding. Petitioner files this Motion on the grounds that she is currently exhausting federally cognizable claims in the California Supreme Court. The

1  interests of the parties, the Court, and judicial economy would best be served by the

2  issuance of such a stay.

3       This Motion is based upon the attached Memorandum of Points and

4  Authorities, the Declaration of Linda L. Griffis, all files and records in this case, and

5  any further evidence as may be presented at the hearing on this motion.

6

7                                 Respectfully submitted,

8                                 SEAN K. KENNEDY
                                  Federal Public Defender

9

10

  Dated:  March 2, 2009                        /S/

11                                LINDA L. GRIFFIS

12                                CRAIG A. HARBAUGH
                                  Deputy Federal Public Defenders

13

                               Attorneys for Petitioner

14                                MARIA DEL ROSIO ALFARO

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

# <u>TABLE OF CONTENTS</u>

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . I

MEMORANDUM OF POINTS AND AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . 3

I.   INTRODUCTION AND PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . 3

II.   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A.   THIS COURT SHOULD STAY THE FEDERAL PETITION
WHILE MS. ALFARO EXHAUSTS CLAIMS NOW PENDING
IN THE CALIFORNIA SUPREME COURT. . . . . . . . . . . . . . . . . . . 3

1.   There is Good Cause To Stay the Petition. . . . . . . . . . . . . . . . . . 5

2.   The Unexhausted Claims Are Potentially Meritorious. . . . . . . . . 7

3.   Ms. Alfaro Has Not Engaged in Dilatory Tactics. . . . . . . . . . . . 7

III.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

## TABLE OF AUTHORITIES

2

Federal Cases

3

4

*Batchelor v. Cupp*,
     693 F.2d 859 (9th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5

6

*Buffalo v. Sunn*,
     854 F.2d 1158 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

7

*Calderon v. U nited States District Court (Taylor)*,
     134 F.3d 981 (9th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

8

9

*Cassett v. Stewart*,
     406 F.3d 614 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

10

11

*Duncan v. Walker*,
     533 U.S. 167, 12 1 S. Ct. 2120, 150 L. Ed. 2d 25 1 (2001). . . . . . . . . . . . . . . 6

12

*Fetterly v. Paskett*,
     997 F.2d 1295 (9th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

13

14

*Hendricks v. Vasquez*,
     908 F.2d 491 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15

16

*Jackson v. Roe*,
     425 F.3d 654 (9th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

17

*Jennison v. Goldsmith*,
     940 F.2d 1308 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18

19

*Nino v. Galaza*,
     183 F.3d 1003 (9th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

20

21

*Rhines v. Weber*,
     544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). . . . . . . . . . . . . . 4, 5

22

Federal Statutes

23

28 U.S.C.
     § 2244(d)(1).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

24

     § 2244(d)(2).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
     § 2254. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

25

26

Federal Rules

27

Rules Governing Section 2254 Cases
     in the United States District Courts, Rule 4. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## INTRODUCTION AND PROCEDURAL HISTORY

4
5
6
7
8
9
10
11
12
13
14
15
16

On August 1, 2008, Petitioner Maria Del Rosio Alfaro filed a protective Petition for a Writ of Habeas Corpus.  Docket nos. 10-16.  Thereafter, on August 8, 2008, the Court issued an order staying the action, precluding Respondent from filing any responsive pleading until Ms. Alfaro filed a petition on or before March 3, 2009, and commencing the litigation schedule and procedures set out in Local Rule 83-17.7 with the filing of Ms. Alfaro's March 3, 2009 petition.  Docket no. 18.  On March 2, 2009, Ms. Alfaro filed a Petition for a Writ of Habeas Corpus in the California Supreme Court.  The petition alleges a number of claims which had not previously been exhausted in the state supreme court.  By this motion, Ms. Alfaro seeks a stay of the federal proceedings in order to permit her to exhaust the claims pending in her California Supreme Court petition.

17

## II.

18

## ARGUMENT

19
20
21

### A.   THIS COURT SHOULD STAY THE FEDERAL PETITION WHILE MS. ALFARO EXHAUSTS CLAIMS NOW PENDING IN THE CALIFORNIA SUPREME COURT

22
23
24
25
26
27
28

In her exhaustion petition filed with the California Supreme Court on March 2, 2009, Ms. Alfaro alleges numerous claims which had not been previously exhausted before the state supreme court.  See, i.e., federal First Amended Petition for Writ of Habeas Corpus, Claim 1 (certain sub-claims); Claim 10; Claims 12-16; Claim 21; and, Claims 29-32.  In 2005, the United States Supreme Court issued its decision in *Rhines v. Weber*, addressing "whether a federal district court has discretion to stay the

3

1    mixed petition to allow the petitioner to present his unexhausted claims to the state
2    court in the first instance, and then to return to federal court for review of his
3    perfected petition."  544 U.S. 269, 271-72, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).
4    Prior to *Rhines*, district courts had been constrained by the Supreme Court's decision
5    in *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), which
6    prohibited them from adjudicating mixed petitions for habeas corpus, citing concerns
7    regarding comity and federalism.
8
9          In *Rhines*, the Court considered "the interplay between the AEDPA's
10   [Antiterrorism and Effective Death Penalty Act] one-year statute of limitations and
11   *Rose v. Lundy*'s dismissal requirement" and acknowledged that because of these two
12   rules, "petitioners who come to federal court with 'mixed' petitions run the risk of
13   forever losing their opportunity for federal review of their unexhausted claims."
14   *Rhines*, 544 U.S. at 275.  Unwilling to accept this result, the Supreme Court held that
15   it would be an abuse of discretion for a district court to deny a stay and to dismiss a
16   mixed petition if the petitioner had good cause for his failure to exhaust, his
17   unexhausted claims were potentially meritorious, and there was no indication the
18   petitioner engaged in dilatory litigation tactics.  *Id*. at 278; *see Jackson v. Roe*, 425
19   F.3d 654, 659-60 (9th Cir. 2005); *Calderon v. United States District Court (Taylor)*,
20   134 F.3d 981 (9th Cir. 1998); *Fetterly v. Paskett*, 997 F.2d 1295, 1299-1302 (9th Cir.
21   1993).
22
23         As shown below, Ms. Alfaro meets all of the *Rhines* criteria for a stay of her
24   federal habeas proceeding.  She has demonstrated "good cause" for failing to exhaust
25   all of her claims in state court, her unexhausted claims are potentially meritorious,
26   and she has not engaged in dilatory litigation tactics.
27
28   ///

                                            4

1    **1.    <u>There is Good Cause To Stay the Petition</u>**

2        In *Rhines*, the Court imposed a "good cause" showing when it remanded the

3    case to the district court for a determination as to whether a stay was appropriate

4    based upon the "petitioner's failure to present his claims first to the state courts . . . ."

5    544 U.S. at 279 (noting that the good cause requirement was not intended to impose

6    a strict and inflexible requirement) (Stevens, J., concurring).  The petitioner in *Rhines*

7    presented eight unexhausted claims for the first time in federal court in a mixed

8    petition, without ever filing them in state court, and without filing them in state court

9    within the AEDPA's one-year statute of limitations.  *Id*. at 277-78.  By contrast,

10   Ms. Alfaro has filed today a petition to give the California Supreme Court an

11   opportunity to rule on her unexhausted claims.  Thus, Ms. Alfaro has given the state

12   court the first opportunity to rule on her unexhausted claims.  *See Rhines*, 544 U.S. at

13   277.  Staying the federal petition would promote the objectives of comity and finality

14   underlying the "good cause" standard by allowing the state an opportunity to do so.

15   *See Rhines*, 544 U.S. at 276-77; *Jackson*, 425 F.3d at 661.

16       Exhaustion both "protect[s] the state courts' role in the enforcement of federal

17   law and prevent[s] disruption of state judicial proceedings."  *Buffalo v. Sunn*,

18   854 F.2d 1158, 1163 (9th Cir. 1988) (*quoting Lundy*, 455 U.S. at 518); *Batchelor v.*

19   *Cupp*, 693 F.2d 859, 862-63 (9th Cir. 1982).  The exhaustion doctrine also "serves

20   to minimize friction between federal and state courts . . . and to foster increased state

21   familiarity with federal law."  *Buffalo*, 854 F.2d at 1163.  "[S]tate courts, like federal

22   courts, have a duty to protect rights secured by the [United States] Constitution."

23   *Jennison v. Goldsmith*, 940 F.2d 1308, 1311 (9th Cir. 1991).  Therefore, "[i]f the . . .

24   claim is meritorious, and if the state remedy is prompt and complete, there [will be]

25   no need to bring post-conviction proceedings in federal courts."  *Batchelor*, 693 F.2d

5

at 862.  Here, comity would be thwarted by proceeding with the federal litigation concurrently with the state proceeding.  The immediate adjudication of the exhausted claims in federal court would deprive the state court of "the unfettered first opportunity to review the prisoner's claim and to provide any necessary relief." *Nino v. Galaza*, 183 F.3d 1003, 1007 (9th Cir. 1999).

Furthermore, a stay would not aggravate the interest of finality.  The state petition filed on March 2, 2009,  before the expiration of the federal limitations period, already tolls the federal statute.  *Duncan v. Walker*, 533 U.S. 167, 12 1 S. Ct. 2120, 150 L. Ed. 2d 25 1 (2001); 28 U.S.C. § 2244(d)(2) (2005) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. . . .").  A stay of the federal litigation would not prolong the federal proceeding beyond the time required by the pending state petition.

Moreover, refusal to grant a stay could undermine judicial economy by requiring this Court to adjudicate a petition that could be rendered moot if the California Supreme Court grants relief on the exhaustion petition.

Finally, requiring the parties to litigate the exhausted claims in federal court while the state court adjudicates the unexhausted claims raises the risk that the stay-and-abeyance procedure was designed to avoid.  Conceivably, judgment could be entered on the federal petition before the unexhausted claims are resolved in state court.  If the state supreme court were to deny the claims in Ms. Alfaro's supreme court petition, she would be  forced to litigate the newly exhausted claims in federal court in a "second or successive" petition, which would be "encumbered with all the new issues that come with successive petitions." *Fetterly v. Paskett*, 997 F.2d 1295, 1302 (9th Cir. 1993).

1

2   ## 2.   The Unexhausted Claims Are Potentially Meritorious

3       The standard under *Rhines* for determining the potential merit of an

4   unexhausted claim can be analogized to the standard for dismissal under Rule 4 of the

5   Rules Governing Section 2254 Cases in the United States District Courts, which

6   provides that a claim should not be dismissed unless "[i]t plainly appears from the

7   petition and any attached exhibits that the petitioner is not entitled to relief in the

8   district court. . . . " Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll.

9   § 2254; *see also Hendricks v. Vasquez*, 908 F.2d 491 (9th Cir. 1990); *Cassett v.*

10  *Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) (federal court may deny an

11  unexhausted petition as without merit only when it is perfectly clear that the applicant

12  does not raise even a colorable federal claim).

13      A reading of the unexhausted claims alleged in Ms. Alfaro's exhaustion

14  petition, which includes Claim 1 (certain sub-claims); Claim 10; Claims 12-16; Claim

15  21; and, Claims 29-32, among others, evidences the fact that the claims are

16  potentially meritorious. As such, a stay of the federal proceedings to permit

17  exhaustion is warranted.

18

19  ## 3.   Ms. Alfaro Has Not Engaged in Dilatory Tactics

20      Ms. Alfaro's decision to file a state habeas petition to exhaust claims not

21  previously raised in the state supreme court, was not motivated by "dilatory tactics."

22  The filing of the state petition, and the request to stay the federal litigation, is

23  motivated solely by a desire to present potentially meritorious claims to this Court

24  prior to the expiration of the one-year statute of limitations under 28 U.S.C.

25  § 2244(d)(1). The facts underlying the unexhausted claims were discovered by Ms.

26  Alfaro's counsel during their investigation of the case and have been raised as

27  promptly with the state court as possible.

28

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.

## CONCLUSION

For the foregoing reasons, Petitioner Maria Del Rosio Alfaro respectfully requests that the Court stay this action pending a final ruling on her pending state habeas petition.

Respectfully submitted,

SEAN K. KENNEDY
Federal Public Defender

Dated:  March 2, 2009            /s/
                         LINDA L. GRIFFIS
                         Deputy Federal Public Defender

                         Counsel for Petitioner
                         MARIA DEL ROSIO ALFARO

**PROOF OF SERVICE**

I, the undersigned, declare that I am employed in Los Angeles County, California; that my business address is the Federal Public Defender's Office, 321 East 2nd Street, Los Angeles, California 90012-4202, Telephone No. (213) 894-2854; that I am over the age of eighteen years; that I am not a party to the action entitled below; that I am employed by the Federal Public Defender for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, and at whose direction I served a copy of the attached **NOTICE OF MOTION; MOTION TO STAY FEDERAL PROCEEDINGS PENDING RESOLUTION OF STATE HABEAS PROCEEDINGS; DECLARATION OF LINDA L. GRIFFIS** on the following individual(s) by:

| [ ] Placing same in a sealed envelope for collection and interoffice delivery addressed as follows: | [X] Placing same in an envelope for hand-delivery addressed as follows: | [] Placing same in a sealed envelope for collection and mailing via the United States Post Office: | [ ] Faxing same via facsimile machine addressed as follows: |
|---|---|---|---|

Office of the Attorney General of California
KYLE NIKI SHAFFER
Deputy Attorney General
110 West A Street
San Diego, CA  92101

*Via Hand Delivery*
DEATH PENALTY LAW CLERK
United States Courthouse
312 N. Spring Street, Rm. 810D
Los Angeles, CA 90012

This proof of service is executed at Los Angeles, California, on March 2, 2009.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

        /S/ *Patricia Jacobson*
PATRICIA JACOBSON